**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MONTEREY MUSHROOMS, INC., et al.,** | ) | **Case No. 2:10-cv-00197-ALM-TPK** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE ALGENON L. MARBLEY** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE KEMP** |
| | ) | |
| **JOSEPH MERCURIO PRODUCE CORP.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' June 23, 2010 motion (Doc. 14) for default judgment.   For the reasons below, the Court GRANTS Plaintiffs' motion.

## II. BACKGROUND

On March 4, 2010, Plaintiffs Monterey Mushrooms, Inc. ("Monterey") and Eakin Fruit Co. ("Eakin") filed a Complaint against Defendants Joseph Mercurio Produce Corp. ("Mercurio Produce") and Joseph Mercurio.   (Doc. 1).   The Complaint alleges that Plaintiffs Monterey and Eakin and Defendants Mercurio Produce and Joseph Mercurio are parties to a statutory trust that was established under the provisions of the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C § 499e.   *Id.* at p.3, ¶ 12.   The Complaint further alleges that the Defendants have violated PACA and the fiduciary duties created by PACA through a failure to remit prompt payment on the produce that the Defendants purchased from the Plaintiffs.   *Id.* at p. 5, ¶ 25.

The Complaint pleads seven counts for relief.   Count One alleges that pursuant to the contract and payment terms and under the statutory trust agreement, the terms of which were preserved by the Plaintiff, Plaintiff Monterey sold produce to the Defendants in the amount of

$17,285.45.   *Id.* at p. 3.   Plaintiff Monterey further alleges that Mercurio Produce received this produce and has failed and refused to pay for it.   *Id.* at p. 3.   Plaintiff Eakin alleges that pursuant to the contract and payment terms and under the statutory trust agreement, the terms of which were preserved by Plaintiff Eakin, it sold produce to the Defendants totaling $8,795.50.   *Id.* at p. 3. Plaintiff Eakin also alleges that the goods were delivered and received, and that Mercurio Produce has failed and refused to pay for the produce it ordered from Eakin.   *Id.* at p. 3.   Count Two alleges that all the Defendants failed to maintain the trust required by PACA, and funds that should have entered that trust upon the sale of the produce by the Defendants were improperly expended for other purposes.   As a result, the Plaintiffs have suffered damages.   *Id.* at p. 4–5.   Count Three alleges that the Defendants are in breach of their fiduciary duties as trustees, and, as a result, the Plaintiffs have suffered damages by not receiving payment from the trust money for the goods that they sold to the Defendants.   *Id.* at p. 5.   Count Four alleges that Defendant Joseph Mercurio managed, controlled and directed the purchase of the produce on credit from the Plaintiffs on behalf of Mercurio Produce, and Mr. Mercurio breached his fiduciary duties arising under PACA by not disbursing funds from the trust account for prompt payment to the Plaintiffs.   As a result, the Plaintiffs have suffered damages.   *Id.* at p. 5–6.   Count Five alleges that Mercurio Produce contracted with the Plaintiffs, and that the Defendant is in breach of that contract by failing and refusing to pay the principal sum owed to the Plaintiffs in the amount of $26,080.95.   *Id.* at p. 6. Count Six alleges the Defendants' failure to maintain the trust and to promptly pay the Plaintiffs for the produce they sold to the Defendants entitles the Plaintiffs to finance charges on the balance at the rate of 1.5% per month (18% per annum) to be computed daily and compounded annually, and also attorney's fees and costs associated with this action to compel payment of the trust.   *Id.* at

2

p. 7.   Count Seven states that the lawsuit proceeds will be distributed on a pro-rata basis amongst all perfected PACA trust creditors joined to the lawsuit.

The Complaint was served on the Defendants by certified mail on May 18, 2010; Defendants never answered the Complaint.   On June 15, 2010 the Clerk entered an entry of default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.   (Doc. 13).   On June 23, 2010, the Plaintiffs filed this motion for default judgment.   (Doc. 14).

### III. LAW & ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Fed. R. Civ. P. 55(a). The clerk made an entry of default on June 15, 2010 after an excess of twenty days had passed, with no answer, appearance, or responsive pleading having been filed or served by the Defendants. (Doc. 14 at p. 1.)   Rule 55(b) provides that the court may enter default judgment against a defaulting party.   Fed. R. Civ. P. 55(b).   Defendants Mercurio Produce and Joseph Mercurio have failed to appear in this lawsuit and thus are defaulting parties.   Therefore, it is proper at this time to grant the Plaintiffs' motion for default judgment.

Plaintiffs have submitted affidavits and documentation supporting their claim for relief. Plaintiff Monterey requests the principal amount of $17,285.45 plus pre-judgment interest in the amount of $8.52 per day, or $6,221.76 as of this Order.   Plaintiff Eakin requests the principal amount of $8,795.50 plus pre-judgment interest in the amount of $4.34 per day, or $3,695.90 as of this Order.   Plaintiffs further request $11,430.70 in aggregated attorneys fees and costs and post-judgment interest at the federal statutory rate pursuant to 28 U.S.C. § 1961.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED**.   Plaintiff Monterey is hereby entitled to recover from Defendants, jointly and severally, $23,507.21.   Plaintiff Eakin is hereby entitled to recover from Defendants, jointly and severally, $12,491.40.   The Defendants are additionally liable, jointly and severally, for attorneys fees and costs totaling $11,430.70.   This award is subject to post-judgment interest at the federal statutory rate.

**IT IS SO ORDERED.**

**s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: December 7, 2010**